UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZYKEL AUDINETTE, | No. 2:24-cv-3169 AC P |
| Petitioner, | |
| v. | ORDER AND |
| CASTELLANOS, et al., | FINDINGS AND RECOMMNEDATION |
| Respondent. | |

Petitioner is a state prisoner proceeding without an attorney, who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and requests to proceed in forma pauperis, ECF No. 6. This matter is before the court for preliminary review under Rule 4 of the Rules Governing 2254 Cases.

I.   Screening Standard

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Habeas relief is available if the prisoner's claim in the petition attacks the legality or

1

duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Habeas relief is not cognizable if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016). A challenge to conditions of confinement is properly pursued through a § 1983 civil rights action, not a habeas petition, because a favorable judgment would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

## II. Allegations in the Petition

Petitioner is in custody at the California Health Care Facility, in Stockton, California. ECF No. 1 at 2. He alleges that on August 30, 2024, officers Castellanos, Martinez, and Hernandez violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment, excessive force, and sexual harassment. Id. at 3, 4. Specifically, he alleges that they caused "extreme pain from extra tight triangle handcuffs and humiliated" him in front of other inmates when they performed an unclothed body search and threw petitioner on the dirty ground while naked. Id. He further alleges Martinez taunted him by the door. Id.

## III. Discussion

Because the success of petitioner's claims would not lead to petitioner's immediate or earlier release from confinement, the court finds the petition fails to state a cognizable habeas claim. To the extent petitioner seeks to challenge the conditions of his confinement, he should pursue such claims via a civil rights action under 42 U.S.C. § 1983.

In situations like these, the court considers whether to convert the habeas petition to a civil rights action. See Nettles, 830 F.3d at 936 ("a district court may construe a petition for habeas corpus to pleas a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). However, the petition is not amenable to conversion because it lacks specific allegations against each respondent, stating what each respondent did or did not do that violated his rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") (citation omitted). Moreover, due to the Prison Litigation Reform Act ("PLRA") filing fees requirements,[1] its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he clearly expresses a desire to do so. See 28 U.S.C. § 1915 & 1915A; 42 U.S.C. § 1997e. Accordingly, it is recommended that the habeas corpus petition be dismissed without prejudice to filing a § 1983 action should petitioner choose to do so.

### IV. Plain Language Summary for Not Represented Party

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your petition for writ of habeas corpus, and finds that it challenges the conditions of your confinement rather than the fact or duration of your confinement. Challenges to the conditions of confinement cannot be brought in a habeas petition. It is therefore being recommended that your petition be dismissed without prejudice to filing a federal civil rights action.

If you disagree with this recommendation, you have 14 days to file a written explanation why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections and make the final decision.

### V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERD that:

1. The Clerk of the Court shall assign a district judge to this case.
2. The motion to proceed in forma pauperis (ECF No. 6) is denied without prejudice

---

[1] Prisoners proceeding in forma pauperis in § 1983 cases must pay the $350 filing fee, and any award against the prisoner, by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. § 1915(b)(1), regardless of whether the action is ultimately dismissed. Bruce v. Samuels, 577 U.S. 82, 85-86 (2016).

to refiling if the district judge does not adopt the findings and recommendations.

In addition, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be summarily dismissed without prejudice to re-filing as a § 1983 civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2025

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE